```
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF FLORIDA

                                      CASE NO. 10-22086-CIV-LENARD
                                      MAGISTRATE JUDGE P.A. WHITE

TIMOTHY WALLACE,                  :

         Plaintiff,               :          REPORT OF
                                             MAGISTRATE JUDGE
v.                                :

SHERIFF DERYL LOAR, et al.,       :

         Defendants.              :
_____
```

## I. Introduction

The plaintiff Timothy Wallace, currently housed at Union Correctional Institution filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis.

This Cause is before the Court upon the initial screening of the complaint (DE#1) and Memorandum (DE#4) pursuant to 28 U.S.C. §1915.

## II. Analysis

A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> * * *

>    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>    \* \* \*
>
>    (B) the action or appeal –
>
>    \* \* \*
>
>    (i) is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state

a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

3

B. <u>Facts of the case</u>

The plaintiff names as defendants Indian River County Sheriff Deryl Loar and Registered Nurse Chris Stromberg, employed at the Indian River County Jail Medical department.

The plaintiff alleges that on February 21, 2010, the plaintiff's lower back "gave out on him", and he was unable to walk. He was provided with a wheel chair and x-rays were taken. He states the x-rays did not reveal what was wrong with his lower back. In March, 2010, the plaintiff was seen by Defendant Stromberg and referred to a Neurologist. He claims the neurologist had no recent MRI x-rays. He claims his severe chronic lower back pain, as well as pain in his right knee and right hip continued, causing him to limp. On April 6, 2010, Defendant Stromberg took the wheelchair from the plaintiff and gave him a walker. He states he was unable to walk well with the walker and remained in severe chronic pain. He claims that Stromberg then had an officer remove the walker.

The plaintiff claims he is limping, suffering from severe chronic pain on the right side of his body from his waist to his knee, and is being denied medical treatment.

<u>Denial of Medical Treatment</u>

The Eighth Amendment's prohibition on cruel and unusual punishments imposes a duty on prison officials to provide prisoners with "humane conditions of confinement," including adequate medical

4

care.[2] Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1242 (11 Cir. 2003). It is a prison official's deliberate indifference to an inmate's serious medical need that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To show that a prison official acted with deliberate indifference to his serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000)). First, the plaintiff must present evidence of an objectively serious medical need which is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Id. In either situation, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. Id. Second, the plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that serious medical need. Id. Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11 Cir. 1999).

---

[2] If the plaintiff was a pretrial detainee at the time of the events alleged, his claims would arise under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). In any event, the standards are the same. Id.

### Defendant Stromberg

The plaintiff alleges that he is in chronic pain and unable to walk without the aid of the walker or wheel chair. He claims that Defendant Stromberg is responsible for removing both the walker and wheelchair, and for denying him continued medical care. Although it appears that Stromberg referred him to a neurologist, it is unclear whether he has continually denied him further needed medical care at this preliminary stage. Service will be ordered upon this defendant.

### Defendant Sheriff Loar

The plaintiff makes no direct allegations against Indian River County Sheriff Deryl Loar. He cannot be sued for liability merely for an improper or even unconstitutional act of his employees under a theory of respondeat superior. If a plaintiff sues a supervisor, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing Monell, supra). See also; Ashcroft v Iqbal, supra. (Heightened pleading standard for supervisory liability).

### III. Conclusion

1. The claim against Sheriff Loar should be dismissed, for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The claims of denial of medical treatment should proceed against Defendant Stromberg.

The Court will not view a motion to dismiss favorably at this time. The standard for screening is almost identical to that of a motion to dismiss filed pursuant to Rule 12(b)6. Further, the granting of immunity cannot be determined at this early stage.

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 8TH day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Timothy Wallace, <u>Pro Se</u>
    #868984
    Union Correctional Institution
    Raiford, FL
    Address of Record