UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22086-CIV-LENARD/WHITE

**TIMOTHY WALLACE,**

       Plaintiff,

vs.

**SHERIFF DERYL LOAR and CHRIS STROMBERG,**

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 6) AND DISMISSING DEFENDANT DERYL LOAR

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Patrick A. White ("Report," D.E. 6), issued on July 8, 2010. Plaintiff Timothy Wallace ("Plaintiff") filed Objections to the Report ("Objections," D.E. 11) on July 26, 2010. After a *de novo* review of the Report, the Objections and the record, the Court finds as follows.

Plaintiff Timothy Wallace, currently incarcerated at Union Correctional Institution, filed a *pro se* civil rights Complaint (D.E. 1) against Defendants Deryl Loar ("Loar") and Chris Stromberg ("Stromberg") pursuant to 42 U.S.C. § 1983. The Complaint alleges that while at the Indian River County Jail Medical Department, Defendants withheld from Plaintiff necessary medical devices and care in violation of the *Eighth Amendment*'s prohibition on cruel and unusual punishments.

Plaintiff alleges that on February 21, 2010, his lower back gave out on him and he was

unable to walk. (*See* Compl. at 5-6.) Plaintiff was provided with a wheelchair to help him move around. (*See id.*) On April 6, 2010, Stromberg, a nurse at the facility, allegedly sent an officer to replace Plaintiff's wheelchair with a walker. (*See id.* at 6.) Three days later, at Stromberg's direction, Plaintiff's walker was taken from him. *(See id.)* Plaintiff claims that he had difficulty transporting himself without the wheelchair and extreme difficulty trying to do the same without the walker. (*Id.*) He claims to have suffered severe chronic pain in his lower back, right knee and hip. (*Id.*) He alleges that Stromberg knew of his pain and medical needs and nevertheless deprived Plaintiff of the use of the wheelchair and subsequently, the walker. (*Id.* at 6-7.) At time of filing, Plaintiff claimed to be in severe pain and walking with a limp. (*Id.* at 7.) He also stated that all of his requests to be seen by a doctor had been denied (*Id.* at 7-8.) He alleged that he filed "[i]nformal [g]rievances" regarding the denial of the walker but Defendants did not answer these grievances. (*Id.* at 8.)

Upon initial screening of the Complaint pursuant to 28 U.S.C. § 1915, the Magistrate Judge issued a Report recommending that the civil rights claims be allowed to proceed against Defendant Stromberg but all claims against Defendant Loar be dismissed. (Report at 6-7.) Specifically, the Report finds that Plaintiff had sufficiently stated a claim against Stromberg for deprivation of medical care in violation of Plaintiff's civil rights pursuant to the *Eighth Amendment*. (*Id.* at 6.) However, the Report finds that Plaintiff's Complaint does not make sufficient direct allegations against Loar, sheriff of the facility, nor does it adequately allege an official custom, policy or practice of the supervisor or a causal link to Plaintiff's injuries. (*Id.* at 6, citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 694 (1978),

*Mandel v. Doe*, 888 F.2d 782 (11th Cir. 1989) and *Byrd v. Clark*, 783 F.2d 1002, 1008 (11th Cir. 1986).)

Plaintiff objects to the Report only insofar as it recommends the dismissal of claims against Loar. (Objections at 1.) He argues that Loar is liable as he was aware of Plaintiff's grievances but took no action. (*Id*. at 2.) He further contends that Loar, as sheriff, had a duty to hire and train the employees that deprived Plaintiff of necessary medical care in violation of the *Eighth Amendment*. (*Id*.)

The Court does not find Plaintiff's Objections persuasive. A party pleading supervisory liability must allege that the injuries complained of resulted from an official custom, policy or practice. *Monell*, 436 U.S. at 694; *Mandel*, 888 F.2d 782. Furthermore, a causal link between the policy, custom or practice and the injury must be established. *Byrd*, 783 F.3d at 1008. There can be no liability against Loar based on the theory of *respondeat superior*. *Id.* Here, Plaintiff makes no direct allegations against Loar in his Complaint. Nor does the Complaint identify a policy, custom or practice propounded by Loar which directly caused Plaintiff's injuries; rather, Plaintiff's attempt to identify the bases of Loar's supervisory liability first appears in his Objections. Consequently, the claims against Loar cannot proceed as alleged in the Complaint.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendations of the Magistrate Judge (D.E. 6), issued on July 8, 2010, is **ADOPTED**.

2. Plaintiff's Complaint shall proceed against Defendant Chris Stromberg.

3. Plaintiff's claims against Defendant Deryl Loar are **DISMISSED** without prejudice.

4. Plaintiff shall have twenty (20) days from the date of this Order in which to amend his Complaint against Defendant Deryl Loar. Failure to amend the Complaint within this time period shall result in the dismissal of Defendant Loar from this action.

5. Defendant "ET Registered Nurse, Sr." is **DISMISSED** from this action as this appears to be a scrivener's error and no such entity was intended to be named in the Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida this 12th day of Janaury, 2011.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**