```
                                     UNITED STATES DISTRICT COURT
                                     SOUTHERN DISTRICT OF FLORIDA

                                     CASE NO. 10-22086-CIV-LENARD
                                     MAGISTRATE JUDGE P.A. WHITE

TIMOTHY WALLACE,                :

        Plaintiff,              :          REPORT OF
                                         MAGISTRATE JUDGE
v.                              :             (DE#36)

SHERIFF DERYL LOAR, et al.,     :

        Defendants.             :
_____
```

## I. Introduction

The plaintiff Timothy Wallace, currently housed at Union Correctional Institution filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis.

This Cause is before the Court upon the Motion to Dismiss the Amended Complaint filed by Defendant Stromberg. (DE#36)

## II. Analysis

### A. Applicable Law for Screening

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff fails to plead facts that state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts"

language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

    B.   Statement of Claims

The plaintiff named as defendants in his initial complaint Indian River County Sheriff Deryl Loar and Registered Nurse Chris Stromberg, employed at the Indian River County Jail Medical Department.

The plaintiff alleged that on February 21, 2010, his lower back "gave out on him", and he was unable to walk. He was provided with a wheel chair and X-rays were taken. He states the X-rays did not reveal what was wrong with his lower back. In March of 2010, the plaintiff was seen by Defendant Stromberg and referred to a neurologist. He was seen by the neurologist, but contends the doctor had no recent MRI results to review.  He claims his severe chronic lower back pain, as well as pain in his right knee and

right hip continued, causing him to limp. On April 6, 2010, Defendant Stromberg took the wheelchair from the plaintiff and gave him a walker. He states he was unable to walk well with the walker and remained in severe chronic pain. He claims that Stromberg then had an officer remove the walker.

The plaintiff claims he is limping, suffering from severe chronic pain on the right side of his body from his waist to his knee, and is being denied medical treatment.

### Denial of Medical Treatment

The Eighth Amendment's prohibition on cruel and unusual punishments imposes a duty on prison officials to provide prisoners with "humane conditions of confinement," including adequate medical care.[1]  Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1242 (11 Cir. 2003).  It is a prison official's deliberate indifference to an inmate's serious medical need that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To show that a prison official acted with deliberate indifference to his serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11

---

[1] If the plaintiff was a pretrial detainee at the time of the events alleged, his claims would arise under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567, 1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). In any event, the standards are the same.  Id.

Cir. 2000)). First, the plaintiff must present evidence of an objectively serious medical need which is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Id. In either situation, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. Id. Second, the plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that serious medical need. Id. Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11 Cir. 1999).

The Preliminary Report recommended that the case proceed against Defendant Stromberg for denial of adequate medical treatment. The plaintiff alleged that he is in chronic pain and unable to walk without the aid of the walker or wheel chair. He claimed that Defendant Stromberg was responsible for removing both the walker and wheelchair, and for denying him continued medical care. Although it appears that Stromberg referred him to a neurologist, it is unclear at this preliminary stage, whether he was continually denied further needed medical care. Service was ordered upon this defendant.[2] The Report and Recommendation was adopted on January 12, 2011.

Defendant Stromberg filed a motion to dismiss on the basis that the plaintiff was a multiple filer and his complaint should be

---

[2]The plaintiff made no direct allegations against Indian River County Sheriff Deryl Loar, and it was recommended that he be dismissed upon the theory of respondeat superior.

4

dismissed pursuant to 28 U.S.C. §1915g. A Report was entered recommending that the defendant's motion to dismiss be denied without prejudice, as Stromberg had failed to demonstrate that the plaintiff had the required three strikes. It was recommended that the defendant could file a supplemental motion to dismiss informing the Court if the required third strike could be found. No further argument was forthcoming. (DE#32)

The Amended complaint

The plaintiff filed an amended complaint on February 4, 2011 (DE#31). In the amended complaint the plaintiff attempts to bring Sheriff Loar back into the lawsuit. He contends he sent a grievance to Loar, but that Loar did not provide him with the needed medical aid. Sheriff Loar has been dismissed from this lawsuit. The fact that he may not have responded to a grievance is insufficient to bring him back into this lawsuit. The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285. Thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a

§1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19.

Secondly, Wallace alleges that Loar is responsible for the actions of his employees. As stated in the prior Report and Recommendation, Loar may not be sued based upon the doctrine of respondeat superior. Monell v Department of Social Services, 436 US 658 (1978). Supervisory liability requires a causal connection between the actions of the supervisory official and the alleged deprivation. The plaintiff has failed to demonstrate a Monell claim against this defendant, and the amended complaint should not change the outcome of the Preliminary Report and Recommendation.

Defendant Stromberg's Motion to Dismiss

Defendant Stromberg filed a Motion to Dismiss the amended complaint on February 15, 2011 (DE#36). The amended complaint raises the same allegations against Defendant Stromberg as those contained in the initial complaint.

Stromberg contends that the plaintiff has failed to state a claim of deliberate indifference. She states that X-rays taken did not reveal the cause of the plaintiff's alleged back pain. Further, the plaintiff was seen by a neurologist who could not determine the reason for the back pain. Stromberg initially replaced the wheel chair with a walker and then on April 9, 2010, took the walker from the plaintiff, based upon the findings of the examining doctors. She argues that her actions constitute a difference of opinion with the plaintiff, and at most would rise to a level of possible negligence, but do not rise to an Eighth Amendment violation. The defendant further argues that the plaintiff demonstrates de minimus

injuries, and does not claim to have fallen as a result of not having the walker or wheel chair.

As stated in the Preliminary Report, the standard of review for initial screening pursuant to 28 U.S.C. §1915 is the same as for a motion to dismiss filed pursuant to Rule 12(b)6. See <u>Mitchell v Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997). (The language of section 1915(e)(2)(B)(ii) tracks the Language of Federal Rule of Civil Procedure 12 (b)(6)).

Upon initial screening, it was recommended that the plaintiff had stated a claim for denial of adequate medical treatment at this preliminary stage. The defendant has not provided the Court with any new persuasive argument that would contradict that finding, or support granting the motion to dismiss. While the plaintiff may not have fallen without support, he complains of chronic pain in his back for a long period of time. The plaintiff contends that the defendant was responsible for refusing him a walker or a wheel chair, causing him long term chronic pain. He alleges that he has bulging and herniated discs, degenerative discs, scoliosis and lordosis, arthritis and a pinched nerve.[3]  At this preliminary stage, the plaintiff has stated a claim of deliberate denial of adequate medical treatment.

### III.  Conclusion

1. The defendant's Motion to Dismiss the Amended Complaint (DE#36) should be denied.

---

[3] It is unclear upon what information the plaintiff bases these claims.

2. The claim against Sheriff Loar in the amended complaint should be dismissed, for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and he should remain dismissed from this lawsuit.

3. The claim of denial of medical treatment should proceed against Defendant Stromberg.

4. The operative complaint is the amended complaint.

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 19th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Timothy Wallace, Pro Se
 #868984
 Union Correctional Institution
 Raiford, FL
 Address of Record

8